FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 APR -4 P 2: 40
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 111-361 |
| | ) | |
| MARION STURGIS DONALDSON | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 147). The Magistrate Judge recommended that the Court deny Defendant Marion Sturgis Donaldson's motion to suppress evidence obtained as the result of the searches of his automobile and residence on July 1, 2011. (Doc. no. 126.) In his motion to suppress, Donaldson asserted that the officers who stopped and searched his vehicle did not have probable cause to believe he was in possession of contraband. (Doc. no. 90, pp. 3-4.) He also argued that the warrant for the search of his residence was not supported by probable cause and that the good faith exception to the exclusionary rule does not apply. (Id. at 4-11.) Following an evidentiary hearing at which several law enforcement officers and two state magistrate judges testified, the Magistrate Judge found that neither of the July 1st searches violated Donaldson's Fourth Amendment rights. (Doc. no. 126.)

In his objections, Donaldson asserts that the Magistrate Judge erred in determining that Donaldson and his confederates used coded slang terminology to refer to drug

transactions in various telephone conversations intercepted by law enforcement officials. (Doc. no. 147, pp. 1-3.) Donaldson also argues that the Magistrate Judge had no basis for concluding that drugs were involved in a June 26, 2011 encounter between Donaldson and one of his Co-Defendants, Dorsett Mandrell Williams. (Id. at 2.) According to Donaldson, because neither the intercepted phone conversations nor the June 26th encounter involved narcotics, the Magistrate Judge erred in rejecting Donaldson's contention that the officer who applied for the search warrant on June 28, 2011, provided false information that Donaldson had been in possession of cocaine within the past 72 hours. (Id. at 3.) Finally, Donaldson objects to the Magistrate Judge's determination that the information provided in applying for the search warrant established a sufficient connection between criminal activity and Donaldson's residence. (Id. at 3-4.)

Upon consideration, the Court finds that Donaldson's objections lack merit. The Magistrate Judge did not err in determining that coded slang terminology such as "29 cent," "counts," "tires," and "channel" referred to drug activity. Contrary to Donaldson's contention that there was no "factual basis for the [officers'] conclusion that the language was drug language," the officers verified their understanding of the coded language by observing the conduct of Donaldson and others, as explained in detail in the R&R. (See doc. no. 126, pp. 3-4.) Moreover, while Donaldson argues that the terms "could have referred to any one of a number of events other than drug transactions" (doc. no. 147, p. 2), he has not offered any specific alternative explanation for their meaning. As noted by the Magistrate Judge, "[t]he fact that these terms are not susceptible to any sensible interpretation in ordinary discourse bolsters the conclusion that the terms are coded references to narcotics

2

activity and belies Donaldson's contention that the conversations were innocuous." (Doc. no. 126, p. 15.) Additionally, it was not error to credit the officers' testimony that their training, experience, and knowledge of the investigation led them to believe that the language in the intercepted calls referred to drug activity, as officers are permitted "to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'" United States v. Arvizu, 534 U.S. 266, 273 (2002) (quoting United States v. Cortez, 449 U.S. 411, 418 (1981)).

Donaldson also misses the mark with his assertion that the Magistrate Judge had no basis for concluding that drugs were involved in the June 26, 2011 transaction in which Donaldson drove to a house used by Co-Defendant Williams to store drugs and drug money and received a bag from Williams. (See doc. no. 147, pp. 4-5 (describing officers' testimony regarding the June 26th meeting).) By the time that meeting occurred, the investigating officers were aware that Donaldson and Williams conducted drug-related business together, based in part on the previously mentioned intercepted phone conversations. Also, as noted by the Magistrate Judge, the transaction lasted only a few minutes and, most importantly, occurred at a premises that the investigating officers knew to be used by Williams exclusively for conducting drug business, particularly cocaine transactions. (Id. at 14.) Based on these facts, the Magistrate Judge did not err in concluding that drugs were involved in the June 26th transaction between Donaldson and Williams.

Furthermore, having determined that the Magistrate Judge properly concluded that the June 26th transaction involved narcotics, the Court rejects Donaldson's contention that

3

the officer who applied for the search warrant on June 28, 2011, testified falsely that Donaldson had possessed cocaine within the last 72 hours. (See doc. no. 147, pp. 3-4.) The Court notes that the June 26th encounter was not the only evidence suggesting that Donaldson had possessed cocaine within the 72 hours preceding the warrant application; in addition, in a call intercepted on June 27, 2011, Donaldson indicated he had sufficient cocaine for the time being and made plans to acquire more cocaine in the near future. (See doc. no. 126, p. 5 (describing officers' testimony regarding the intercepted June 27th call).)

Finally, the Court concludes that the Magistrate Judge did not err in his determination that the information provided in support of the warrant application sufficiently demonstrated a connection between Donaldson's criminal activity and the place to be searched. As Donaldson acknowledges, such connection "can be established from the particular circumstances involved and need not rest on direct observation." (Doc. no. 147, p. 3 (quoting United States v. Jenkins, 901 F.2d 1075, 1080 (11th Cir. 1990).) Here, the premises in question was Donaldson's primary residence, and direct observation as well as cell phone "ping" records showed that Donaldson was frequently present at his residence during the time that information known to the investigating officers suggested he was involved in significant drug-related activity. These facts demonstrated an adequate nexus between Donaldson's criminal activity and his residence. See United States v. Meryl, 322 F. App'x 871, 874 (11th Cir. 2009) (*per curiam*) ("Information that the defendant possesses contraband that is of the type that normally would be hidden at his residence may support a probable cause finding.").

4

In sum, Donaldson's objections provide no reason to depart from the Magistrate Judge's conclusions. As a result, Donaldson's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Donaldson's motion to suppress is **DENIED**. (Doc. no. 90.)

SO ORDERED this ___ day of _April_ 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE