IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARION STURGIS DONALDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-078 |
| | ) | (Formerly CR 111-361) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the federal correctional institution in Manchester, Kentucky, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Before the Court is Petitioner's motion to set aside a declaration of forfeiture pursuant to the Civil Asset Forfeiture Reform Act of 2000.  (Doc. no. 10; CR 111-361, doc. no. 277.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion be **DENIED**.

**I.    BACKGROUND**

After a bench trial on October 15, 2012, United States District Court Judge Dudley H. Bowen, Jr., found Petitioner guilty of:  (1) conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine hydrochloride, twenty-eight grams or more of cocaine base, and an amount of marihuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and (2) us[ing] a communication facility in causing or facilitating the commission of a felony, in violation of 21 U.S.C. § 843(b).  United States v. Donaldson, CR

111-361, doc. no. 207 (S.D. Ga. Nov. 2, 2012) ("CR 111-361"). Judge Bowen sentenced Petitioner to 169 months imprisonment, and later reduced Petitioner's sentence to 136 months in accordance with a sentencing guideline amendment. (Id., doc. no. 254.)

While Petitioner's appeal was pending before the Eleventh Circuit, Petitioner filed a *pro se* motion pursuant to Federal Rule of Criminal Procedure 41(g), seeking the return of the following items allegedly seized in his criminal case: (1) a Chevrolet Silverado; (2) a Mercedes Benz; (3) a Rolex watch; (4) U.S. currency totaling $139,049; (5) a Glock handgun; and (6) all "items not listed that were subject to forfeiture, for example, electronics, phones, miscellaneous paperwork, clothing, shoes, etc." (Id., doc. no. 230.) Petitioner then filed another motion to "set aside judgment of a procedural default or grant an evidentiary hearing in forfeiture proceeding," seeking the return of his forfeited items pursuant to the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983(e). (Id., doc. no. 233.) After the Eleventh Circuit affirmed Petitioner's convictions on appeal, Judge Bowen denied both motions, finding the items were either not in the government's possession or administratively forfeited after Petitioner failed to bring an administrative claim. (Id., doc. no. 241.) Judge Bowen held that the government provided Petitioner with due process, despite Petitioner's claims to the contrary. (Id.)

After Petitioner filed his § 2255 motion, he moved to supplement his motion by adding the additional claim his counsel was ineffective for failing to challenge the administrative forfeiture proceedings. (Doc. no. 5.) This Court denied Petitioner's motion because § 2255 does not offer relief from non-custodial features of a criminal sentence.

2

(Doc. no. 8.) Undeterred, Petitioner filed the present stand-alone motion in both his habeas and underlying criminal case, again seeking the return of previously forfeited items. This time, Petitioner seeks the return of: (1) a Chevrolet Silverado; (2) a Mercedes Benz; (3) a Rolex watch; (4) U.S. currency totaling $139,049; (5) a Glock handgun; (6) a Chevrolet Impala; and (7) two cell phones. (Doc. no. 10, pp. 1-2.) As discussed below, Petitioner is not entitled to the return of any of his requested items.

## II.  DISCUSSION

Petitioner seeks the return of a Chevrolet Impala, a Chevrolet Silverado, and two cell phones; however, these items were never in the possession of the government, and were not subject to administrative forfeiture. (Doc. no. 12, p. 2, n. 2; CR 111-361, doc. no. 231.) The government cannot be compelled to return items that it did not possess. Glover v. United States, No. CR505-020, 2008 WL 4533928, at *1 (S.D. Ga. Oct. 8, 2008). The government has presented uncontroverted evidence the Richmond County Sheriff's Office released and turned over the Chevrolet Silverado to the lien holder of the vehicle, SRP Federal Credit Union, on April 19, 2012. (CR 111-361, doc. no. 231-5.) Furthermore, the Chevrolet Impala and two cell phones were never in the government's possession, were not subject to administrative forfeiture, and there is no declaration of forfeiture for the Court to set aside. Accordingly, Petitioner is not entitled to the return of these items. See Glover, 2008 WL 4533928, at *1.

Petitioner is not entitled to the return of his remaining items, which include a Mercedes, a Rolex, U.S. currency totaling $149,049, and a Glock, as these items were administratively

3

forfeited. (CR 111-361, doc. no. 241, pp. 2-4.) An administrative declaration of forfeiture has the same effect as a final decree and order of forfeiture entered in a judicial proceeding. 19 U.S.C. § 1609(b). Once an administrative forfeiture is complete, a district court can only review the forfeiture to determine if there was compliance with due process. Valderrama v. United States, 417 F.3d 1189, 1195-96 (11th Cir. 2005).

Here, as previously determined by Judge Bowen, Petitioner was afforded due process. (CR 111-361, doc. no. 241, p. 4.) The government published notice and sent written notice to Petitioner at four separate addresses, Petitioner signed at least one of the certified notices with respect to each item, and still failed file a claim in the administrative forfeiture proceedings. (Id.) Even if Petitioner's counsel failed to bring administrative claims as he alleges, this does not mitigate the fact that the government provided Petitioner with due process. (Id.)

Furthermore, Petitioner would not be entitled to the return of the Glock because his status as a convicted felon prevents him from lawfully possessing the firearm. United States v. Garcon, 406 F. App'x 366, 369 (11th Cir. 2010) (holding motion for return of firearm properly denied if defendant is not entitled to lawful possession of seized property). Accordingly, Petitioner is not entitled to relief from the forfeitures and his motion should be denied.

III.   **CONCLUSION**

For the reasons set forth above, the Court **REPORT** and **RECOMMENDS** Petitioner's motion to set aside a declaration of forfeiture pursuant to the Civil Asset

Forfeiture Reform Act of 2000 be **DENIED**.  (Doc. no. 10; CR 111-361, doc. no. 277.)

SO REPORTED AND RECOMMENDED this 11th day of July, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA